**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |
|---|---|
| In re:<br><br>EDWIN D. BERRY, II,<br><br>        Debtor | Chapter 7<br>Case No. 15-41218-CJP |
| EDWIN D. BERRY, II,<br><br>        Plaintiff<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT<br>OF REVENUE,<br><br>        Defendant | Adversary Proceeding<br>No. 15-4045-CJP |

## MEMORANDUM OF DECISION

I.    Introduction

Before the Court is the *Motion for Judgment on the Pleadings* (Adv. Doc. No. 7) (the "Motion") filed by the defendant, the Massachusetts Department of Revenue (the "MDOR"), and the *Opposition to Motion for Judgment on the Pleadings and for Entry of Judgment* (Adv. Doc. No. 14) (the "Opposition") filed by the debtor plaintiff, Edwin D. Berry, II (the "Debtor"). The Debtor filed the above-captioned adversary proceeding seeking the discharge of certain income taxes owed to the MDOR pursuant to 11 U.S.C §§ 507(a)(8)(A)(ii) and 523(a)(1)(A).[1] The

---

[1] Unless otherwise noted, all section references herein are to Title 11 of the United States Code, 11 U.S.C. §§ 101,

1

MDOR moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), as made applicable to this proceeding by Fed. R. Bankr. P. 7012(b), asserting that, because the Debtor failed to file an amended return reporting a change in the amount of his federal taxable income, the corresponding state tax liability is non-dischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(i). The Debtor opposes the Motion and also seeks judgment in his favor on the pleadings. For the reasons set forth below, the Court enters judgment in favor of the MDOR on its Motion and against the Debtor.

  II.  Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a)-(b) and the order of reference from the United States District Court for the District of Massachusetts set forth in Massachusetts District Court Local Rule 201. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

  III.  Background

The material facts necessary to decide this Motion are undisputed. The Debtor filed a Chapter 7 case on June 23, 2015 (the "Petition Date"). On Schedule F, "Creditors Holding Unsecured Nonpriority Claims," accompanying his petition, the Debtor listed outstanding indebtedness to the Commonwealth of Massachusetts for taxes for the tax year ending December 31, 2010, totaling $21,513.00. On July 1, 2015, the Debtor commenced this adversary proceeding against MDOR to determine the dischargeability of income taxes, penalties, and interest he owed for the 2010 tax year.

---

*et seq.*, as amended.

2

The Debtor timely filed his 2010 state tax return. Pursuant to an exchange program[2] with the Internal Revenue Service ("IRS"), the MDOR subsequently received information that the Debtor had failed to report taxable pensions and annuities in the amount of $336,739.00 for the 2010 tax year.[3] The Debtor did not submit a Form CA-6 "Application for Abatement/Amended Return" ("Form CA-6") to the MDOR to report the change in his federal taxable income. On October 15, 2014, the MDOR issued a Notice of Assessment, a copy of which is attached by the Debtor in support of his complaint (Adv. Doc. No. 1) (the "Complaint"), showing that, as of October 13, 2014, the Debtor owed income taxes to the MDOR for calendar year 2010 in the sum of $20,692.71. This assessment included an additional $17,847.17 in personal income tax liability for 2010.

The Debtor asserts that because (i) his 2010 return was due more than three years prior to the Petition Date, (ii) such tax return was filed more than two years prior to the Petition Date, and (iii) taxes were assessed on October 13, 2014, more than 240 days prior to the Debtor filing for bankruptcy, his 2010 tax debt is dischargeable by operation of §§ 523(a)(1)(A) and 507(a)(8)(A)(ii).

On July 30, 2015, the MDOR filed its answer (Adv. Doc. No. 4) (the "Answer"), admitting the Debtor's factual allegations and, raising, among other things, sufficiency of process as an affirmative defense. The MDOR acknowledges that the return at issue was due

---

[2] The Federal Exchange Program is a program between the IRS and state agencies responsible for the administration of state tax laws as authorized under I.R.C. 6103(d) and Mass. Gen. Laws ch. 62C, §§ 26(b) and 30.

[3] The IRS filed a proof of claim in the Debtor's case for taxes and interest due for the tax period ending December 31, 2010, reflecting that the IRS assessed such taxes on February 11, 2013. See POC No. 1.

3

more than three years prior to the Petition Date and that the return was filed more than two years prior to the Petition Date. The MDOR also agrees that the taxes were assessed more than 240 days prior to the Petition Date. The MDOR asserts, however, that application of § 523(a) to these facts mandates a determination that the Debtor's 2010 tax liability is not dischargeable because the Debtor failed to amend his return by filing Form CA-6 once there was a change in his federal taxable income that resulted in increased Massachusetts tax liability.

IV.   Discussion

A.   Standard for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings at any time "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard in determining a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is similar to the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008) (finding that the standard is the same for Rule 12(b)(6) and 12(c) motions and holding "[the Court] will affirm a dismissal or judgment on the pleadings if the complaint fails to state facts sufficient to establish a claim to relief that is plausible on its face") (internal quotations omitted). For this purpose and because a Fed. R. Civ. P. 12(c) "motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom" in the opposing party's favor. *R.G. Fin. Corp. v. Vergara–Nunez*, 446 F.3d 178, 182 (1st Cir. 2006).

4

"While a Rule 12(b)(6) motion is laser-focused on the legal adequacy of the complaint, a motion for judgment on the pleadings under Rule 12(c) examines the undisputed factual record expanded by the defendant's answer to determine the merits of the claims as revealed in the formal pleadings." *Best v. Nationstar Mortg. LLC (In re Best, Jr.)*, 540 B.R. 1, 7-8 (B.A.P. 1st Cir. 2015) (internal quotations omitted). "The court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice." *R.G. Fin. Corp.*, 446 F.3d at 182; *see also LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 6 n.2 (1st Cir. 1999) ("[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record") (*quoting Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

B.  <u>Applicable Law</u>

Section 727 governs the scope of a discharge in a chapter 7 case, which the Court shall grant to a debtor unless certain conditions are present. *See* 11 U.S.C. § 727(a). Section 523 addresses the nondischargeability of certain types of debts, including three categories of tax debts that are excepted from discharge. *See* 11 U.S.C. § 523(a)(1)(A)-(C). While "[t]he principal purpose of the Bankruptcy Code is to grant a fresh start to the honest and unfortunate debtor," tax obligations are an exception to the fresh-start policy. *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367 (2007) (internal quotations omitted). "The statutory provisions governing nondischargeability reflect a congressional decision to exclude from the general policy of discharge certain categories of debts -- such as . . . taxes . . . . Congress evidently concluded that the creditors' interest in recovering full payment of debts . . .

5

outweighed the debtors' interest in a complete fresh start." *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

The party seeking to establish an exception to the discharge of a debt under § 523 bears the burden of proof, *see Nilsen v. Mass. Dep't of Revenue (In re Nilsen)*, 542 B.R. 640, 645 (Bankr. D. Mass. 2015), which is by the preponderance of the evidence. *See Grogan*, 498 U.S. at 291.

Section 523(a)(1) provides in relevant part as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

    (1) for a tax or a customs duty—

        (A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

        (B) with respect to which a return, or equivalent report or notice, if required—

            (i) was not filed or given; or

            (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition . . . .

11 U.S.C. § 523(a)(1)(A)-(B). Specifically, § 523(a)(1)(B)(i) excludes from the scope of the discharge a tax liability if a required return, or equivalent report or notice was not filed.[4] *See*

---

[4] Congress defined the term "return" as applied to dischargeability of tax debts by adding the "hanging paragraph" to § 523(a)(19) with the 2005 BAPCPA amendments. This paragraph provides:

    For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy

6

*Fahey v. Mass. Dep't of Revenue (In re Fahey)*, 779 F.3d 1, 3 (1st Cir. 2015); *Nilsen*, 542 B.R. at 645; *Shorton v. Commonwealth of Massachusetts (In re Shorton)*, 375 B.R. 26, 32 (Bankr. D. Mass. 2007).

From the enactment of the Bankruptcy Code, § 523(a)(1)(B)(i) excepted from discharge any debt "for a tax . . . (B) with respect to which a return, if required (i) was not filed[,]" but Congress amended the text of § 523(a)(1)(B)(i) in 2005 to add a further exception from discharge for a tax liability with respect to which an "equivalent report or notice . . . was not filed or given." *Fahey*, 779 F.3d at 10, n.11 ("The debtor unfriendly thrust of the BAPCPA was also manifest in its rewriting of section 523(a)(1)(B) to make it applicable 'not only to the failure to file a required return, but also to the failure to file or give an equivalent required report or notice' corresponding to the debt"); *see also State of Maryland v. Ciotti (In re Ciotti)*, 638 F.3d 276, 278–79 (4th Cir. 2011) (*citing* Bankruptcy Reform Act, Pub. L. No., 95–598, 92 Stat. 2549 (1978)). Given the additional language incorporated into § 523(a)(1)(B)(i), "[i]t is apparent from the changes that Congress determined that the same policy reasons that justify precluding the discharge of tax debt when the debtor failed to file a return also justify precluding the discharge of the tax debt when the debtor failed to file or give a required report or notice corresponding to that debt." *Ciotti*, 638 F.3d at 279–80. As one commentator has noted, "[t]he reference to the failure to provide 'notice' means that if a debtor is obligated under

---

        tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue
        Code of 1986, or a similar State or local law.

11 U.S.C. § 523(a) (hereinafter "§ 523(a)(*)"). No similar definitional clarity was provided with respect to the reference to "equivalent report or notice," but, from the inclusion of that language, it is clear that the scope of tax debts that may be determined to be non-dischargeable has been significantly broadened.

nonbankruptcy law to file an amended return or give notice to a governmental unit of an amendment or correction to a prior filed federal tax return, the failure to do so will render nondischargeable any corresponding tax liability to the governmental unit." 4-523 *Collier on Bankruptcy*, ¶ 523.07[3][a] (16th ed. 2016).

Under Massachusetts law, a taxpayer must report to MDOR any adjustment to his federal taxable income:

> If the federal government finally determines that there is a difference from the amount previously reported in (1) the taxable income of a person subject to taxation under chapter 62, . . . the final determination shall be reported, accompanied by payment of any additional tax due with interest as provided in section 32, to the commissioner within 1 year of receipt of notice of such final determination.

Mass. Gen. Laws ch. 62C, § 30. The corresponding regulation to the state statute provides that:

> A taxpayer subject to taxation under M.G.L. c. 62 must report to the Commissioner any change in federal taxable income or federal tax credits resulting in increased Massachusetts tax liability, within one year of the date of notice of the federal government's final determination, whether or not the audit or other review is complete with respect to issues not addressed in the agreement, accompanied by payment of any additional tax due plus interest . . . . Taxpayers subject to taxation under M.G.L. c. 62 must report changes in federal taxable income in the manner prescribed by the Commissioner and must submit a copy of the federal Revenue Agent's Report, agreement, document, or any other federal report that provides the necessary information illustrating the changes in federal taxable income or federal tax credits . . . .

830 C.M.R. 62C.30.1. Further, Administrative Procedure 619.2 of the Massachusetts Tax Guide, "Reporting Federal Changes in Taxable Income or Estate," states that:

> [i]f the IRS changes the federal taxable income or federal tax credits of any individual . . . , the taxpayer must report the change and pay any additional tax due with interest within one year from the date of the final federal determination. Changes in federal taxable income or federal tax credits are reported to Massachusetts on Form CA-6, Application for Abatement - Amended Return. A copy of the IRS Form CP-2000 or the IRS Revenue Agent's Report and any other relevant documentation must be attached.

M.T.G. AP 619.2.

It is undisputed that the Debtor never filed an amended return with the MDOR in accordance with Mass. Gen. Laws ch. 62C, § 30 and that that time for filing such an amendment expired prior to the date of the Debtor's petition.

C. <u>Analysis</u>

In *Fahey*, the United States Court of Appeals for the First Circuit held that a Massachusetts state income tax return that was filed after the deadline by which Massachusetts required such a return to be filed did not constitute a "return" under 11 U.S.C. § 523(a), and, therefore, unpaid taxes due pursuant to that return could not be discharged as a matter of law. *See Fahey*, 779 F.3d at 5. The reasoning and holding of *Fahey* dictates the same result where an *amended* return, "or equivalent report or notice" was due and not timely filed under Massachusetts law.[5] In this case, the Debtor's failure to timely submit an amended state return by filing Form CA-6 with the MDOR constitutes a failure to file a "return, or equivalent report or notice" as contemplated by § 523(a)(1)(B)(i), which renders the corresponding tax liability nondischargeable. *See* 11 U.S.C. § 523(a)(1)(B)(i); *Shorton*, 375 B.R. at 31; *see also Ciotti*, 638 F.3d at 281; *McBride v. City of Kettering (In re McBride)*, 542 B.R. 788, 795 (Bankr. S.D. Ohio 2015); *Moffitt v. Commonwealth of Mass. (In re Moffitt)*, No. 12-50829, 2013 WL 5441984, at *2–4 (Bankr. W.D. Ky. Sept. 27, 2013) (concluding that the failure to file an amended return

---

[5] In *Fahey*, the First Circuit Court of Appeals noted that it was not considering the argument of whether, even if a late-filed return is not a return, it may qualify as an "equivalent report or notice" under § 523(a)(1)(B). *Fahey*, 779 F.3d at 4, n.3; *compare Nilsen*, 542 B.R. at 647 (rejecting argument that late-filed Form 1040s and Form 1s filed in that case were not "returns," but rather were "something akin to or equivalent to those documents."). In this case, the Debtor cannot make these arguments because the Debtor did not file any Form CA-6 - even after the deadline.

9

with the MDOR as required by Massachusetts law renders the state tax debt nondischargeable pursuant to § 523(a)(1)(B)); *Giacci v. United States (In re Giacci)*, 213 B.R. 517, 520 (Bankr. S.D. Ohio 1997) (concluding that, even under the pre-BAPCPA language of § 523(a)(1)(B), the failure to file an amended state tax return to reflect federal adjustments as required by state law rendered the state tax debt nondischargeable and "[t]o hold otherwise would be to reward the debtor-taxpayer in bankruptcy court for failing to comply with state tax law requirements").

In *Shorton*, a factually similar case, the court determined that a chapter 7 debtor failed to satisfy state law requirements for filing an amended return following change in his income as result of an IRS audit, such that debtor's state income tax debt with respect to which a required return was not filed would be excepted from discharge. *See Shorton*, 375 B.R. at 32. The court concluded that the debtor neither submitted a required amended return nor any documents that were found to be a "return or an equivalent report or notice" containing information that would permit the MDOR to calculate the tax due, even though the information the MDOR received from the IRS enabled it to assess debtor. *See id*. The Court finds the analysis in *Shorton* persuasive and holds that the failure to file the required amendment is fatal to the Debtor's efforts to discharge the corresponding tax liability.[6]

Even if the taxing authority may have become aware through alternative means of an increase in a debtor's federal taxable income, which the MDOR did in the present case through

---

[6] In *Shorton*, the debtor advanced certain, ultimately unsuccessful, arguments that he was unable to file an amended return because he no longer possessed sufficient records and that he had corresponded with the MDOR in a manner that should be considered "an equivalent report or notice." 375 B.R. at 32. The Debtor in this case does not assert that he took any action regarding his state tax liability after filing his original return that could be construed as "an equivalent report or notice."

10

the Federal Exchange Program, the debtor's failure to satisfy the requirement to file an amended return nonetheless results in a non-dischargeable obligation. *See Shorton*, 375 B.R. at 31-32 (finding the debtor "failed to produce any document which contained information that would permit the MDOR to calculate the tax due," even though the IRS already had provided the MDOR with that information through an exchange program, and recognizing that "a debtor cannot evade his obligations under applicable law by relying on governmental authorities to fulfill them for him . . . . Section 523(a)(1)(B) is addressed to the conduct of the debtor, and is designed to insure that a debtor's misconduct is not rewarded") (*quoting Eisner v. Internal Revenue Service and Massachusetts Dep't of Revenue (In re Eisner)*, No. 95–1417 (Bankr. D. Mass. Nov. 20, 1996) (internal quotations omitted)); *see also McBride*, 542 B.R. at 798 (holding that it is the taxpayer's obligation to file amended city tax returns as required by a provision of the City Tax Code and such obligation was not satisfied through the City's assessment process or the debtors' request for and agreement to an abatement of penalties and two deferred payment arrangements because "[t]o hold otherwise would reward noncompliant taxpayers that the taxing authority is forced to assess").

The Debtor filed a timely state tax return in 2010, but failed to file an amended return with the MDOR to reflect the IRS's adjustment to his 2010 income. It is undisputed that the Debtor failed to timely file Form CA-6. Because Massachusetts law required the filing of an amended return upon the adjustment of the 2010 federal return, and the Debtor did not file the return or equivalent report or notice, the Court is constrained by the language of § 523(a)(1)(B)(i) to determine that the failure to do so renders any corresponding liability non-dischargeable. *See* 11 U.S.C. § 523(a)(1)(B)(i); *see also Fahey*, 779 F.3d at 5.

V.	Conclusion

For the foregoing reasons, the MDOR is entitled to judgment on the pleadings. Accordingly, the Court orders that the Debtor's $20,692.71 Massachusetts income tax for the tax year ending December 31, 2010 shall be excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(B)(i).   A separate Order shall enter in accordance with Fed. R. Bankr. P. 9021.

DATED: June 30, 2016						By the Court,

							_____
							Christopher J. Panos
							United States Bankruptcy Judge